# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| LEGACY EXPLORATION, LLC § | |
| § | |
| v.  § | |
| § | CIVIL ACTION NO. 3:22-CV-0794-S |
| OPTIMUM ENERGY PARTNERS, LLC, § | |
| DERRICK MAY, CHANCE SMITH, § | |
| JON PEARSON, DANIEL HIBBS, and § | |
| OPTIMUM EXPLORATION, LLC § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Motion") [ECF No. 70]. The Court has reviewed the Motion, Plaintiff's Response to Defendants' "Lack of Jurisdiction" Motion to Dismiss ("Response") [ECF No. 75], and Defendants' Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 79]. For the following reasons, the Court **DENIES** the Motion.

## I. BACKGROUND

This case involves a dispute between Plaintiff Legacy Exploration, LLC, an oil company, several of its former members and employees, Defendants Derrick May, Chance Smith, Jon Pearson, and Daniel Hibbs, and those Defendants' new business entities, Optimum Energy Partners, LLC, and Optimum Exploration, LLC (collectively, "Optimum," and collectively with May, "Moving Defendants"). Plaintiff brings claims for violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, violations of the Texas Uniform Trade Secrets Act ("TUTSA"), TEX. CIV. PRAC. & REM. CODE § 134A.001, *et seq.*, breach of contract, breach of fiduciary duty, destruction of electronic records in violation of 18 U.S.C. § 2707, conspiracy to violate TUTSA, and conspiracy to breach fiduciary duty. Pl.'s First Am. Compl. [ECF No. 56] ¶¶ 47-95.

According to Moving Defendants, about a year before Plaintiff filed this lawsuit, nonparty Phillip Peterson, on behalf of Plaintiff, executed a broad release ("Release") of all claims Plaintiff "now has or may have in the future, whether known or unknown" against Moving Defendants. Def.'s Ex. 4 [ECF No. 70-4] § 2. The Release was executed as part of a settlement agreement in a state court lawsuit brought by Peterson, individually and derivatively on behalf of Plaintiff. Mot. 1; Resp. 4. Peterson, who owned a 19% interest in Plaintiff at the time, asserted claims for breach of fiduciary duty, breach of contract, corporate waste, and right to inspect corporate records against Plaintiff and several of Plaintiff's members at the time, including May. Resp. 5-6. Moving Defendants argue that Plaintiff's instant claims fall within the scope of the Release and are therefore moot. Mot. 1.

Plaintiff presents several arguments contesting Moving Defendants' interpretation of the Release. Plaintiff maintains that the Release does not cover Plaintiff's claims in the instant case because it is "expressly limited to the resolution of prior, unrelated litigation." Resp. 2. Plaintiff further argues that Plaintiff is not a party to the Release because Peterson, having been "removed from [Plaintiff's] Board of Managers and terminated as [an officer/employee of Plaintiff's] two years before he signed the [Release]," lacked the authority to bind Plaintiff. *Id.* (emphasis omitted). Plaintiff also contends that Optimum is not a party to the Release because it was not mentioned by name and that Moving Defendants waived enforcement of the Release, which is mutual, by recently filing suit against Peterson. *Id.* at 2-3.

## II. LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge the subject-matter jurisdiction of the district court to hear a case. "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281

F.3d 158, 161 (5th Cir. 2001) (citation omitted). Under Article III of the Constitution, federal courts may only decide live cases and controversies. U.S. CONST. art. III, § 2. "If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013) (citation omitted). A court properly dismisses a case under Rule 12(b)(1) where it lacks the constitutional power to decide it. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

### III. ANALYSIS

The Court concludes that it has subject-matter jurisdiction over Plaintiff's claims.[1] As the Court remains "capable of providing meaningful relief to [Plaintiff]," Plaintiff's claims are not moot. *Ctr. for Biological Diversity, Inc.*, 704 F.3d at 425 (citation omitted). "A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017) (citation omitted). Where a litigant has suffered "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," however, a live case or controversy persists. *Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020) (quoting *Chafin v. Chafin*, 568 U.S. 165, 171-72 (2013)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161.

While Moving Defendants correctly state that federal courts must grant a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction if the underlying claims are moot,

---

[1] The Court will not address the merits of Defendants' argument that the Release covers Plaintiff's claims at this time because release is an affirmative defense, not an issue of subject-matter jurisdiction.

3

Defendants cite no binding authority, and the Court found none, supporting their position that a valid pre-suit release renders moot any claims subject to it. Rather, the Federal Rules of Civil Procedure expressly name release as an affirmative defense that must be raised "in the first responsive pleading"[2] and can be waived. *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009); *see also Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("The Federal Rules require an affirmative defense to be pleaded; failure to plead such a defense constitutes waiver." (citation omitted)).

Affirmative defenses go to the merits of a claim, not jurisdiction. *See Addicks Servs., Inc. v. GGP-Bridgeland, LP*, 596 F.3d 286, 293 (5th Cir. 2010) ("Where the movant bears the burden of proof on an affirmative defense such as release, the movant must establish beyond peradventure *all* of the essential elements of the defense to warrant judgment in his favor." (citation and internal quotation marks omitted)); *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited."). Moreover, by asking the Court to adopt Moving Defendants' construction of the Release and reject Plaintiff's, Defendants tacitly concede that the Court is "capable of providing meaningful relief to [Plaintiff]." *Ctr. for Biological Diversity, Inc.*, 704 F.3d at 425 (citations omitted). The Court expresses no opinion on whether the Release ultimately bars Plaintiff's claims, but the controversy currently before the Court remains live. Accordingly, the Court has subject-matter jurisdiction over Plaintiff's claims.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's

---

[2] The Court notes that release is not included as an affirmative defense in any of Moving Defendants' responsive pleadings. Def. Derrick May's Original Answer to Pl.'s First Am. Compl. [ECF No. 58]; Def. Optimum Energy Partners LLC's Original Answer to Pl.'s First Am. Compl. [ECF No. 59]; Def. Optimum Exploration, LLC's Original Answer to Pl.'s First Am. Compl. [ECF No. 60].

4

First Amended Complaint [ECF No. 70].

**SO ORDERED.**

SIGNED January 8, 2024.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**