# *Exhibit "1"*

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

To: **OPTIMUM ENERGY PARTNERS LLC**
**BY SERVING ITS REGISTERED AGENT DERRICK MAY**
**5580 PETERSON LANE SUITE 190**
**DALLAS TX 75240**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **192nd District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **LEGACY EXPLORATION LLC**

Filed in said Court **9th day of April, 2024** against

**TROJAN TUBULAR SERVICES LLC; CHANCE SMITH; DAVID BRIDGES, II; DAVID BRIDGES; OPTIMUM ENERGY PARTNERS LLC; OPTIMUM EXPLORATION LLC; DERRICK MAY**

For Suit, said suit being numbered **DC-24-05229**, the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 29th day of April, 2024**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By______________________, Deputy
**ALICE TORRES**

**ESERVE**

# CITATION

**No.: DC-24-05229**

**Legacy Exploration, LLC**
**vs.**
**TROJAN TUBULAR SERVICES LLC , et al**

**ISSUED**
**on this the 29th day of April, 2024**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**PHILLIP D. PETERSON**
526 PRIVATE ROAD 7005
EDGEWOOD TX 75117
(214) 558-9548
phillip.peterson@outlook.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

Came to Hand
Date 5/14/24 Time 12:22 pm

# OFFICER'S RETURN

Cause No. DC-24-05229

Court No.: 192nd District Court

Style: Legacy Exploration, LLC
vs.
TROJAN TUBULAR SERVICES LLC, et al

Came to hand on the ________________ day of ____________________, 20________, at ________ o'clock ________.M. Executed at ________________________________________, within the County of ________________ at __________ o'clock ______ .M. on the ______________ day of __________________, 20_______, by delivering to the within named

_______________________________________________________________________________

_______________________________________________________________________________

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was ________ miles and my fees are as follows: To certify which witness my hand.

For serving Citation $________ ______________________________________

For mileage $________ of______________ County, ________________

For Notary $________ By______________________________ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said__________________________ before me this______ day of _____________________,
20______, to certify which witness my hand and seal of office.

________________________________

Notary Public__________ County________

FILED
4/9/2024 9:57 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Gay Lane DEPUTY

DC-24-05229

**CAUSE NO. ________________**

| | | |
|---|---|---|
| LEGACY EXPLORATION, LLC, | § | 192nd |
| | § | IN THE _____ DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| TROJAN TUBULAR SERVICES, LLC, CHANCE SMITH, DAVID BRIDGES II, DAVID BRIDGES, OPTIMUM ENERGY PARTNERS, LLC, OPTIMUM EXPLORATION, LLC, and DERRICK MAY. | § § § § § § | DALLAS COUNTY, TEXAS |
| | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendants.* | | |

**PLAINTIFF'S ORIGINAL PETITION**

COMES NOW Plaintiff, Legacy Exploration, LLC ("Legacy"), and files its Original Petition and brings its causes of action against the defendants, Trojan Tubular Services, LLC, Chance Smith, David Bridges II, David Bridges, Optimum Energy Partners, LLC, Optimum Exploration, LLC, and Derrick May (each individually, a "Defendant" and collectively, the "Defendants") and hereby alleges and states as follows:

**DISCOVERY CONTROL PLAN AND RULE 47(c) STATEMENT**

Plaintiff intends to conduct discovery in this matter under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Plaintiff seeks monetary damages in excess of $1,000,000.

**PARTIES, JURISDICTION & VENUE**

1. Plaintiff Legacy Exploration, LLC, is a Texas limited liability company with its principal place of business in Dallas, Dallas County, Texas.

2. Defendant Trojan Tubular Services, LLC ("Trojan Tubular") is a Texas limited liability company with its registered office at 991 Marvin A. Smith Road, Kilgore, Texas, 75662

and its mailing address at P.O. Box 8186, Longview, Texas 75607. It can be formally served by delivering the Citation and Petition to its registered agent, David Bridges, at 991 Marvin A. Smith Road, Kilgore, Texas, 75662. Plaintiff requests that Citation be issued.

3. Defendant Chance Smith ("Chance Smith") is an individual who resides in Rockwall County, Texas and may be served by delivering the Petition and Citation to him at Trojan Tubular Services, LLC at its registered office at 991 Marvin A. Smith Road, Kilgore, Texas, 75662 and its mailing address at P.O. Box 8186, Longview, Texas 75607, or wherever he may be found. Chance Smith is also the Chief Operating Officer of Optimum Energy Partners, LLC and may also be served at its principal place of business at 5580 Peterson Lane, Suite 190, Dallas, Texas 75240, or wherever he may be found. Plaintiff requests that citation be issued.

4. Defendant David Bridges II ("David Bridges II") is an individual who may be served by delivering the Citation and Petition to him at Trojan Tubular Services, LLC at its registered office at 991 Marvin A. Smith Road, Kilgore, Texas, 75662 and its mailing address at P.O. Box 8186, Longview, Texas 75607, or wherever he may be found. Plaintiff requests that citation be issued.

5. Defendant David Bridges ("David Bridges") is an individual who may be served by delivering the Citation and Petition to him at Trojan Tubular Services, LLC at its registered office at 991 Marvin A. Smith Road, Kilgore, Texas, 75662 and its mailing address at P.O. Box 8186, Longview, Texas 75607, or at 1350 Creekwood Lane, Longview, Texas, or wherever he may be found. Plaintiff requests that citation be issued.

6. Defendant Optimum Energy Partners, LLC ("Optimum Energy Partners") is a Texas limited liability company with its principal place of business at 5580 Peterson Lane, Suite 190, Dallas, Texas 75240. It can be formally served by delivering the Citation and Petition to its

registered agent, Derrick May, at 5580 Peterson Lane, Suite 190, Dallas, Texas, 75240. Plaintiff requests that Citation be issued.

7. Defendant Optimum Exploration, LLC ("Optimum Exploration") is a Texas limited liability company with its principal place of business at 5580 Peterson Lane, Suite 190, Dallas, Texas 75240. It can be formally served by delivering the Citation and Petition to its registered agent, Derrick May, at 5580 Peterson Lane, Suite 190, Dallas, Texas 75240. Plaintiff requests that Citation be issued.

8. Defendant Derrick May ("Derrick May") is an individual residing in Dallas County, Texas. Derrick May is the Chief Executive Officer of Optimum Energy Partners, LLC and may be served by delivering the Citation and Petition to him at Optimum Energy Partners, LLC, 5580 Peterson Lane, Suite 190, Dallas, Texas 75240, or wherever he may be found. Plaintiff requests that citation by issued.

9. Venue is proper and maintainable in Dallas County, Texas pursuant to CPRC 15.002(a)(1) because all or part of the events or omissions giving rise to this litigation took place in Dallas County.

10. The Court has jurisdiction in this matter because the matter in controversy and Plaintiff's damages are within its jurisdictional limits, and Defendants do business in Dallas County.

11. This Court has personal jurisdiction over all of the Defendants because they all reside in Texas, and the corporate entities have all been conducting business in Texas for years.

12. This case is not removable to federal court because there is no complete diversity here, as Plaintiff is a resident of Texas and so are all of the Defendants. 28 U.S.C. 1332(a)(1). Further, there are no federal causes of action.

## FACTUAL BACKGROUND

### I. The Federal Litigation.

13. The only reason that Defendants tortiously interfered with the subject contracts here is that Chance Smith, Derrick May, and their two Optimum entities are defendants in a case pending in federal court in Dallas, which was set to commence trial today – April 9, 2024. The goal of their tortious interference was to obtain from Tim Trager a judgment against Legacy, which Defendants would then use not to collect money, but instead, to (a) delay the April 9 federal trial, and (b) attempt to extinguish altogether Legacy's claims against them in federal court, through a turnover proceeding.

14. Defendant Chance Smith is one of the primary defendants in a lawsuit filed in the United States District Court for the Northern District of Texas, styled *Legacy Exploration, LLC v. Optimum Energy Partners, LLC, et al.*, Cause No. 3:22-cv-794-S (hereafter, Legacy's "*Federal Litigation*"). He was previously an employee at Legacy but he also contracted with Legacy through both his personal company Optimum Properties, LLC (which was the inspiration for the name Optimum Exploration, LLC and Optimum Energy Partners, LLC) and through his primary company described below, Trojan Tubular (where he is also a member and owner).

15. No later than January or February 2021, Chance Smith and Derrick May (who at the time was Legacy's CFO, and only months before they were both groomsmen at the wedding of Legacy's CEO), conspired to steal Legacy's ***entire business*** by launching a complex and pre-meditated conspiracy to steal Legacy's trade secrets, investors, employees, and business opportunities and business contracts for the benefit of their new companies, Defendants Optimum Energy Partners and Optimum Exploration.

16. Having orchestrated this illegal conspiracy, Derrick May thereby breached his

fiduciary duties owed to Legacy as its CFO and as a Manager on its Board of Managers. All of the founders of Optimum and its lawyers aided and abetted these willful breaches of May's fiduciary duties as Legacy's CFO and as a Manager on its Board of Managers.

17. Accordingly, in April 2022, Legacy filed suit in federal court in Dallas against the two Optimum Defendants, Derrick May, and Chance Smith, pursuing misappropriation of trade secret claims, breach of fiduciary duty, and conspiracy to breach fiduciary duty (the "*Federal Litigation*"). Again, that case was set to go to trial today, April 9.

## II. Chance Smith Owns Trojan Tubular.

18. Before joining Legacy, and ultimately Optimum, Chance Smith formed a company called Trojan Tubular in 2015. Trojan Tubular is an oil-and-gas services company. Trojan Tubular is not in the business of buying judgments or other types of distressed debt, and then seeking to collect money on that debt.

19. Chance Smith, along with the other Defendants herein, used his oil-and-gas services company, Trojan Tubular, to accomplish the tortious interference complained of herein with the express purpose of thwarting Legacy's *Federal Litigation* – NOT to collect on a purchased judgment.

## III. The Trager Loan, Initial Forbearance Agreement, and Underlying Judgment.

20. Tim Trager provided multiple loans to Legacy in mid-2017 that totaled $950,000, and bore interest at the rate of 12% per annum, with interest of $9,500.00 paid every month. These loans were evidenced by promissory notes, secured solely by the working interests on various oil-and-gas leases and wells owned by Legacy.

21. Legacy reliably made monthly payments of $9,500.00 to Mr. Trager for almost six (6) years totaling well over $600,000.00 in interest payments until Defendants deliberately planned

and orchestrated the conspiracy to destroy Legacy in Spring 2021. Thereafter, Legacy could not keep up with the payments and defaulted.

22. Last year, Legacy and Trager came to an agreement whereby Trager was permitted to obtain a default judgment against Legacy (hereafter, the "*Judgment*") – to establish his claim and "position in line" among Legacy's creditors – as long he agreed not to seek a receiver or turnover order.

23. More specifically, last year **Trager contacted Phillip Peterson, Legacy's CLO, and specifically requested that Legacy *not oppose his lawsuit* and thus enable him to obtain a default judgment (the *Judgment*). Peterson agreed, *with the express proviso that Trager NOT seek a receiver or turnover order and Trager agreed to these terms.*** Trager recently willfully breached that agreement in seeking a turnover order in state court (and receiver in connection therewith).

24. **Furthermore, Trager contacted Peterson in February to inquire about Andrew Gautreaux's current residence (Mr. Gautreaux is Legacy's CEO). Peterson directly asked Trager if *anything was imminent or pending in his case against Legacy,* and *Trager deliberately concealed the fact that he had filed a motion seeking a turnover order* in state court and that there was a scheduled hearing *the following week.*** When confronted with this misrepresentation, Trager said that his attorneys had not notified him that they had scheduled a hearing. This was not true according to Trager's counsel.

## IV. The *February 28, 2024 Forbearance Agreement* and the *Final Forbearance/Settlement Agreement*.

25. Despite Trager's misrepresentations to Legacy, Legacy nevertheless was recently still attempting to work out a payment arrangement with him. Accordingly, on February 28, 2024, the parties agreed in writing to postpone Trager's state-court hearing to obtain a turnover order

(previously scheduled for late February) until April 5, 2024. This was a ***binding Rule 11 agreement*** between Legacy and Trager (hereafter, the "*February 28, 2024 Forbearance Agreement*").

26. This continuance was for the express purpose of giving the parties time to enter into a final forbearance/settlement agreement whereby Trager would forbear collecting on his *Judgment* (obtained in violation of the parties' initial forbearance agreement) in exchange for receiving future payments as part of a final settlement.

27. Trager committed in a ***written agreement on February 28, 2024*** to negotiate the forbearance agreement with Legacy in good faith – the *February 28, 2024 Forbearance Agreement*. **Furthermore, as of early March 2024, Legacy's attorneys and Trager's attorneys had agreed upon the fundamental business terms of a future settlement agreement with Trager – hereafter, the "*Final Forbearance/Settlement Agreement.*"**

## V. Defendants Tortiously Interfered With Both The *February 28, 2024 Forbearance Agreement* and the *Final Forbearance/Settlement Agreement*.

28. Despite these TWO binding agreements between Legacy and Trager (and one final prospective forbearance/settlement agreement where the business terms were already agreed upon), Defendants contacted Trager and tortiously interfered with the *February 28, 2024 Forbearance Agreement* and the prospective *Final Forbearance/Settlement Agreement*. The end result was that Defendants induced Trager to breach the *February 28, 2024 Forbearance Agreement* by selling his *Judgment* to Trojan Tubular in a bad faith attempt to extinguish Legacy's valid claims in the *Federal Litigation* against Optimum.

29. Defendants engaged in tortious interference to wrongfully obtain Trager's underlying *Judgment* against Legacy for two reasons, both in bad faith: (1) to delay Legacy's imminent federal trial against Optimum, Chance Smith, and Derrick May, which was set to

commence trial the following week; and (2) to attempt to extinguish Legacy's legitimate federal claims against Defendants (the *Federal Litigation*) through a turnover proceeding in state court.

30. Worse, what Defendants are attempting to do with the *Judgment* – which they wrongfully obtained – is unconstitutional under well-established Texas law. It is a violation of the "open courts" provision of the Texas Constitution for a defendant, like Chance Smith, the Optimum Defendants, and Derrick May, to obtain a cause of action against themselves through a turnover order.

31. This is precisely what Defendants are now attempting to do through a turnover proceeding pending in Dallas County District Court. They are asking the Dallas County District Court to order Legacy to turnover to Chance Smith, its *Federal Litigation* against Chance Smith (and Optimum and Derrick May), so that Defendants can simply extinguish the *Federal Litigation*.

32. The Dallas Court of Appeals, and other appeals courts, have repeatedly held that this violates the Texas Constitution. *See Criswell v. Ginsberg Foreman*, 843 S.W.2d 304, 306-07 (Tex. App.—Dallas 1992, no pet.).

33. In sum, Defendants tortiously interfered with the existing *February 28, 2024 Forbearance Agreement*, and tortiously interfered with the prospective *Final Forbearance/Settlement Agreement* in an illegal and unconstitutional attempt to thwart Legacy's *Federal Litigation*.

## CAUSES OF ACTION

### COUNT 1 – TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

34. All prior paragraphs are incorporated herein.

35. All Defendants intentionally interfered with at least two if not three legally binding contracts between Legacy and Trager in a desperate attempt to thwart Legacy's *Federal Litigation*.

36. A plaintiff can make a case for tortious interference with existing contract where the following four elements are present: (1) the plaintiff is a party to an existing contract; (2) the defendant has purposefully and knowingly disrupted or interfered with the existing contract; (3) the interference caused damage to the plaintiff; and (4) the plaintiff suffered actual losses or damage as a result of the interference. *See, e.g.*, *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002).

37. Applying the law to the facts of this case: (1) Legacy and Trager were parties to existing contracts, the *February 28, 2024 Forbearance Agreement* at a minimum. (2) Defendants purposefully and knowingly disrupted and/or interfered with the *February 28, 2024 Forbearance Agreement* by wrongfully convincing Trager to stop moving toward memorializing a final forbearance/settlement agreement with Legacy, and (3) / (4) this interference has damaged Legacy by jeopardizing a federal lawsuit worth over $20 million in damages and giving rise to a turnover action that could potentially destroy this $20 million-plus asset of Legacy. Furthermore, Legacy has been forced to incur attorneys' fees and valuable time defending against this bad faith tactic.

**<u>COUNT II – TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACT</u>**

38. All prior paragraphs are incorporated herein.

39. All Defendants intentionally interfered with a prospective contract between Legacy and Trager – the *Final Forbearance/Settlement Agreement* – in a desperate attempt to thwart Legacy's *Federal Litigation*.

40. A plaintiff can make a case for tortious interference with prospective contract where the following elements are present: (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third person; (2) the defendant intentionally interfered with the relationship; (3) the defendant's conduct was independently tortious or

unlawful; (4) the interference proximately caused the plaintiff's injury; and (5) the plaintiff suffered actual damage or loss. *See, e.g.*, *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 923 (Tex. 2013).

41. Applying the law to the facts of this case: (1) there was a reasonable probability that Legacy and Trager would enter into the *Final Forbearance/Settlement Agreement* as the parties had already agreed on the fundamental terms, and the agreement just needed to be reduced to writing. (2) Defendants intentionally interfered with this relationship by wrongfully getting Trager to stop moving toward a final forbearance/settlement agreement with Legacy.

42. (3) Defendants' conduct was independently tortious as follows: (a) their express purpose for purchasing the *Judgment* was to use it to force Legacy to turnover its *Federal Litigation* to Defendants, which is unlawful (specifically, it is a violation of the Texas Constitution); (b) they made misrepresentations to Trager about Legacy that constitute fraud and/or misrepresentation in order to stop him from moving toward memorializing a final forbearance/settlement agreement with Legacy; and (c) they engaged in business disparagement against Legacy in order to stop Trager from moving toward memorializing a final forbearance/settlement agreement with Legacy.

43. (4) Defendants' interference proximately caused Legacy's injury as Defendants used the *Judgment* to stop the imminent April 9, 2024 trial in the *Federal Litigation* and now seek to force Legacy to turnover to Defendants its *Federal Litigation* against Defendants, thereby jeopardizing a federal lawsuit worth over $20 million in damages. Furthermore, Legacy has been forced to incur attorneys' fees and valuable time defending against this bad faith tactic.

**<u>COUNT III – CONSPIRACY</u>**

44. All prior paragraphs are incorporated herein.

45. The elements of common law conspiracy in Texas are as follows: (1) two or more persons; (2) An object to be accomplished; (3) A meeting of the minds on the object or course of action; (4) One or more unlawful, overt acts; and (5) Damages as a proximate result.

46. Here, applying the elements above to the facts of this case: (1) Defendants (3) agreed together (4) to commit tortious interference with multiple Legacy contracts (as explained in detail above) with the (2) object of destroying one of Legacy's most valuable remaining assets – a $20 million-plus lawsuit against Optimum and Chance Smith which (5) caused economic damages to Legacy by imperiling one of its most valuable remaining assets.

**JURY DEMAND**

47. Plaintiff hereby demands a jury trial.

**NOTICE OF INTENT TO OFFER DOCUMENTS**

48. Please take notice that pursuant to Rule 193.7, for purpose of self-authentication, any documents produced by Defendants to Plaintiff in response to written discovery will be used against Defendants at any pretrial proceeding or at trial.

49. Plaintiff requests the Court to issue Citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

a. Actual damages;

b. Pre-judgment interest and post-judgment interest;

c. Exemplary damages;

d. Attorneys' fees and court costs; and

e. All other relief to which Plaintiff is entitled.

WHEREFORE, Plaintiff requests that judgment be entered in its favor against Defendants, jointly and severally, in excess of $1,000,000 with the exact amount to be proven at trial, together with attorney's fees and costs including under Tex. Civ. Prac. & Rem. Code Section 38.001 et seq., and such other relief as the court deems just and proper.

Respectfully submitted,

*<u>/s/ Phillip Daniel Peterson</u>*
**PHILLIP DANIEL PETERSON**
Texas Bar No. 24002759
phillip.peterson@outlook.com
**Law Offices of Phillip D. Peterson**
526 Private Road 7005
Edgewood, Texas 75117
(214) 558-9548

**ATTORNEY FOR PLAINTIFF**
**LEGACY EXPLORATION, LLC**

**CAUSE NO. DC-24-05229**

| | | |
|---|---|---|
| LEGACY EXPLORATION, LLC, | § | |
| | § | |
| *Plaintiff,* | § | 192nd DISTRICT COURT |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| TROJAN TUBULAR SERVICES, LLC, et al. | § | |
| | § | |
| | § | |
| *Defendants.* | § | JURY DEMANDED |

**LEGACY'S FIRST SET OF DOCUMENT REQUESTS TO DEFENDANTS**

COMES NOW Plaintiff, Legacy Exploration, LLC, and serves its first set of document requests to all Defendants.

Respectfully submitted,

*/s/ Phillip Daniel Peterson*
**PHILLIP DANIEL PETERSON**
Texas Bar No. 24002759
phillip.peterson@outlook.com
**Law Offices of Phillip D. Peterson**
526 Private Road 7005
Edgewood, Texas 75117
(214) 558-9548

**ATTORNEY FOR PLAINTIFF LEGACY EXPLORATION, LLC**

Dated: May 1, 2024

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served upon each Defendant along with the service-of-process materials.

*/s/ Phillip D. Peterson*
Phillip D. Peterson

**DEFINITIONS**

"Defendants" means all defendants in this action including Trojan Tubular, Chance Smith, David Bridges, David Bridges II, Optimum Energy Partners LLC, Optimum Exploration LLC, and Derrick May.

"Legacy" means Legacy Exploration, LLC.

"Legacy Federal Trade Secrets Litigation" means that certain lawsuit filed in the United States District Court for the Northern District of Texas, styled *Legacy Exploration, LLC v. Optimum Energy Partners, LLC, et al.*, Cause No. 3:22-cv-794-S.

"Optimum Energy Partners" means Optimum Energy Partners, LLC.

"Optimum Exploration" means Optimum Exploration, LLC.

"Trager" means Timothy Trager, an attorney licensed to practice law in the State of California.

"Trager Parties" means Timothy Trager, Alba Trager, and any of their associated partnerships or affiliates.

"Trager Judgment/Turnover Proceeding" means the proceeding in Dallas County District Court styled *Timothy J. Trager, et al v. Legacy Exploration, LLC et a*l., Cause No. DC-23-08138.

"Trojan Tubular" means Trojan Tubular Services, LLC.

**Legacy's First Document Requests to All Defendants**

Request No. 1: Please produce all correspondence (including all e-mail messages and text messages) regarding the Trager Judgment/Turnover Proceeding and/or the Legacy Federal Trade Secrets Litigation between: (a) Trojan Tubular, David Bridges, David Bridges II, and/or Chance Smith in his capacity as an employee or owner of Trojan Tubular and (b) Optimum Energy Partners, Optimum Exploration, Derrick May and/or Chance Smith in his capacity as an Optimum employee/owner.

Request No. 2: Please produce all correspondence (including all e-mail messages and text messages) regarding the Trager Judgment/Turnover Proceeding and/or the Legacy Federal Trade Secrets Litigation between (a) counsel for Trojan Tubular and (b) counsel for Optimum Energy Partners, Optimum Exploration, and/or Derrick May including any attorney or other employee working at the law firm Gordon Rees.

Request No. 3: Please produce all contracts, assignments, or other agreements (including drafts) associated with the Trager Judgment/Turnover Proceeding, including any related side agreements entered into between (a) Trager and (b) Optimum Energy Partners, Optimum Exploration (or any employee or affiliate), Derrick May, Chance Smith, David Bridges, David Bridges II (or any employee or affiliate of Trojan Tubular) and/or Trojan Tubular. Please include any indemnification agreements entered into by and/or among any of the foregoing related to the Trager Judgment/Turnover Proceeding and any related litigation.

Request No. 4: Please produce all correspondence (including all e-mail messages and text messages) regarding the Trager Judgment/Turnover Proceeding and/or the Legacy Federal Trade Secrets Litigation between and/or among (a) Trojan Tubular, David Bridges, David Bridges II, and/or Chance Smith (in his capacity as an employee/owner of Trojan Tubular) and (b) the Trager Parties, including Tim Trager himself.

Request No. 5: Please produce all correspondence (including all e-mail messages and text messages) regarding the Trager Judgment/Turnover Proceeding and/or the Legacy Federal Trade Secrets Litigation between and/or among (i) counsel for Trojan Tubular, (ii) counsel for Optimum Energy Partners / Optimum Exploration, and/or (iii) counsel for the Trager Parties including Tim Trager himself and the Ferguson Braswell law firm.

Request No. 6: Please produce all correspondence (including all e-mail messages and text messages) regarding the Trager Judgment/Turnover Proceeding and/or the Legacy Federal Trade Secrets Litigation between (a) the Trager Parties and (b) Optimum Energy Partners, Optimum Exploration, Derrick May and/or Chance Smith in his capacity as an Optimum employee/owner.

Request No. 7: Please produce all correspondence (including all e-mail messages and text messages) regarding the Trager Judgment/Turnover Proceeding and/or the Legacy Federal Trade Secrets Litigation between (a) counsel for the Trager Parties and (b) counsel for Optimum Energy Partners, Optimum Exploration, and/or Derrick May including any attorney with Gordon Rees.

Request No. 8: Please produce all Invoices issued by Trojan Tubular to Optimum Energy Partners or Optimum Exploration beginning on January 1, 2024 to the present.

Request No. 9: Please produce any evidence of payments made by Optimum Energy Partners or Optimum Exploration to Trojan Tubular beginning on January 1, 2024 to the present, including canceled checks or internal accounting records, etc.

Request No. 10: Please produce all contracts, assignments, or other agreements (including drafts) between (a) Optimum Energy Partners, Optimum Exploration, Derrick May, and/or Chance Smith in his capacity as an Optimum employee/owner and (b) Trojan Tubular, David Bridges, David Bridges II, and/or Chance Smith in his capacity as an employee/owner of Trojan Tubular. Please include any indemnification agreements entered into by and/or among any of the foregoing related to the Trager Judgment/Turnover Proceeding and any related litigation.