# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LEGACY EXPLORATION, LLC, )
)
Plaintiff, )
)
VS. ) CIVIL ACTION NO.
) 3:22-CV-794-S JURY
OPTIMUM ENERGY PARTNERS ) DEMANDED
LLC, DERRICK MAY, CHANCE )
SMITH, JON PEARSON, )
DANIEL HIBBS,
Defendants

ORAL AND VIDEOTAPED DEPOSITION OF PHILLIP PETERSON
NOVEMBER 9, 2023
VOLUME 1 OF 1

ORAL AND VIDEOTAPED DEPOSITION OF PHILLIP PETERSON, produced as a witness at the instance of the Defendants and duly sworn, was taken in the above styled and numbered cause on Thursday, November 9, 2023, from 10:24 a.m. to 12:29 p.m., before MICHELLE MINOR, CSR in and for the State of Texas, reported by computerized stenotype machine remotely via Zoom from her home located in Houston, Texas, pursuant to the Texas Rules of Civil Procedure and pursuant to the Current Emergency Order Regarding the COVID-19 State of Disaster.

APPEARANCES

FOR THE PLAINTIFF:
Mr. Gregory K. Evans
Law Offices of Gregory K. Evans 3355 W.
Alabama St., Suite 1150
Houston, Texas 77098
Greg@gevanslaw.com
Mr. Mitchell Toups
WELLER GREEN TOUPS & TERRELL LLP
2615 Calder, Suite 400
Beaumont, Texas 77702
Matoups@wgttlaw.com

FOR THE DEFENDANT:
Ms. Kirstie Simmerman
Gordon Rees Scully Mansukhani
2200 Ross Avenue, Suite 3700
Dallas, TX, 75201
Ksimmerman@grsm.com

Also Present:
David Babb
Keith Mize - VIDEOGRAPHER



INDEX


| | PAGE |
|---|---|
| APPEARANCES................................ | 2 |
| PHILLIP PETERSON | |
| EXAMINATION BY MS. SIMMERMAN...................... | 5 |
| CORRECTION PAGE............................ | 76 |
| SIGNATURE PAGE............................ | 77 |
| REPORTER'S CERTIFICATION.................. | 78 |


EXHIBITS

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | Employment Agreement | 43 |
| Exhibit 2 | Employment Agreement | 43 |



THE VIDEOGRAPHER: We are on the record at 10:24 a.m. central on November 9th, 2023. This is Media 1 of the oral and video recorded deposition of Phillip Peterson taken by counsel for defendant in the matter of Legacy Exploration, LLC, versus Optimum Energy Partners LLC, et al. filed in the United States District Court for the Northern District of Texas, Dallas Division. Civil action number 322-cv-794S.

This deposition is being held remotely using virtual technology. The witness is located in Edgewood, Texas. My name is Keith Mize, the videographer. The court reporter is Michelle Minor. We are with the firm Veritext Legal Solutions.

Beginning with the noticing attorney, will counsel please state your appearances for the record after which the court reporter will swear in the witness.

MS. SIMMERMAN: Kirstie Simmerman, on behalf of defendants.

MR. EVANS: Greg Evans and Mitch Toups, on behalf of Legacy.

Could you hear me okay?

THE REPORTER: Yes, we can hear you.

MR. EVANS: Okay.

THE REPORTER: Is David Babb here for counsel -- as counsel as well?



MS. SIMMERMAN: Mr. Babb is just going to be observing.

THE REPORTER: Okay.

MS. SIMMERMAN: Would you like him to state an appearance?

THE REPORTER: No, that's fine if he's just observing.

MS. SIMMERMAN: Okay.

THE REPORTER: Mr. Peterson, will you please state -- will you please raise your right hand?

PHILLIP PETERSON,

having been first duly sworn, testified as follows:

THE REPORTER: Thank you. All right. We can begin.

EXAMINATION

BY MS. SIMMERMAN:

Q. Good morning, Mr. Peterson. As I just stated, my name is Kirstie Simmerman. I represent defendants in a lawsuit that's been filed by Legacy Exploration against Optimum Energy Partners and a number of individuals who worked for that company.

Do you understand who I am and who I represent?

A. I do.

Q. Okay. Could you please state and spell your name

for the record?
A. Phillip David Peterson P-H-I-L-L-I-P, Daniel D-A-N-I-E-L, Peterson P-E-T-E-R-S-O-N.
Q. Okay. And you're an attorney, correct, Mr. Peterson?
A. I am.
Q. All right. So is it okay if I start with the regular admonitions beginning with the deposition, you're familiar with them?
A. That's fine.
Q. Okay. Have you taken any medication in the last 24 hours that would effect your ability to testify today?
A. I have not.
Q. All right. What did you do to prepare for today's deposition?
A. Oh, I had a few conference calls with counsel for Legacy.
Q. Okay. When were those conference calls?
A. I think I -- I had one on Monday, and then I spoke with Greg Evans yesterday, and briefly today.
Q. Okay. Have you spoken with anybody other than counsel for Legacy?
A. No.
Q. All right. Have you reviewed any documents in preparation for today's deposition?



A. Yes, I reread the petition that was filed in 2020.
Q. Okay. Issued in this case, or in a different case?
A. No, the -- the lawsuit that was filed in 2020.
Q. Okay. Is that --
MR. EVANS: 2020 not 2022.
A. Correct.
Q. (BY MS. SIMMERMAN) Okay. Let me just make that clear. That's the lawsuit that you filed; is that correct?
A. Right, that was a lawsuit I filed against Legacy Exploration.
Q. Okay. I just want to be clear, are you being represented by Mr. Evans and Mr. Toups today?
A. No, they only represent the company.
Q. Okay. Are you currently employed by Legacy?
A. Not technically. I -- you know, I technically own 83 percent of the company because I -- I foreclosed on Andrew Gautreaux's shares. But the -- the company isn't really operating, so I'm not receiving a paycheck.
Q. Okay. Okay. I just want to go through some basic background information before we get into any details.
What's your date of birth?



A. November 24, 1969.
Q. Do you go by any other names other than Phillip Peterson?
A. No, that's my name.
Q. Okay. Where do you currently live?
A. In Edgewood, Texas.
Q. And so for your deposition today, are you at home?
A. Yes.
Q. Okay. You obviously went to law school. You went to the University of Texas?
A. That's correct.
Q. When did you graduate?
A. 1997.
Q. All right. And where did you attend undergrad?
A. At Trinity in San Antonio, Texas.
Q. Have you been licensed to practice law since 1997?
A. I have been licensed to practice law since 1997.
Q. Okay. Are you licensed anywhere other than Texas?
A. Only Texas.
Q. Great. Have you ever had a disciplinary action brought against you?
A. Yes, I do have one currently that was brought by



a plaintiff in a -- in a lawsuit that was filed by investors this past spring because we -- we had some vitriolic conversations on e-mail. But it's not resolved.
Q. Okay. What's the name of that plaintiff?
A. The plaintiff did not file, the attorney did.
Q. I see. And what's the name of that attorney?
A. Melissa Matthews and she's at Steptoe & Johnson.
Q. Okay. Have you ever had a malpractice claim filed against you?
A. No, I have not.
Q. Okay. So do you currently practice law?
A. Well, I -- I currently have a law license. I -- I don't have a law practice.
Q. Okay.
A. So it's -- it's kind of open to interpretation.
Q. Have you ever had your own practice?
A. Not officially. I've, you know, done, you know, side work for people occasionally. But primarily -- you know, I -- I left private practice with -- with major law firms in 2004; and then I was the general counsel of a public company from 2004 to 2010; and then I started to work at Legacy in 2014; and then I did some contract working between then.
Q. Okay. What company were you the GC of?
A. Microtune. It was on NASDAQ and it -- it was

you've been charged with a crime of moral turpitude, like, fraud, lying, stuff like that.
A. Okay. No.
Q. (BY MS. SIMMERMAN) And so you said before, currently you own 83 percent of Legacy but you do not technically have a position in the company?
A. Right. So --
MR. EVANS: Objection. Objection. Misstates his testimony, but you can answer.
A. Okay. Yeah, technically, I am simply the majority owner. I'm not on the board of managers. For -- for a few months in 2022, we were telling people that I was the CLO. We never officially documented that, but I have been acting as the company's in-house counsel.
Q. Do you still act as the company's in-house counsel?
A. Yeah, because we still have litigation.
Q. Okay. Have you been acting as in-house counsel --
A. Sorry.
Q. -- since you came back to the company in 2022?
A. Yes.
Q. And then from 2014 to 2019, were you also acting as in-house counsel?
A. Yes.

Page 14

Q. Other than in 2022, have you ever held the title of CLO of Legacy?
A. Can you rephrase the question?
Q. Sure. So you said in 2022, for a period of time, you were being represented as the CLO of Legacy?
A. Right.
Q. Okay. So other than that brief period of time, have you held the title of CLO at Legacy?
A. So I guess I need to be more specific. So what I'm saying is: I acted as the CLO of Legacy. Did we technically have a manager's meeting and appoint me, no, okay? But -- but there is no question that Andrew Gautreaux, who is the CEO, you know, considered me to be the CLO. And I held myself out as the CLO.
Q. Okay. Have you held any other positions with Legacy?
A. Oh, when I first started I -- I think I put my name down on LinkedIn as the COO too. And then -- you know, but that wasn't -- that was just a goofy title. I mean, I haven't done anything operations. You know, I'm just the -- I'm in-house counsel.
Q. Okay. And so in 2019 you left Legacy; is that right?
A. In December 2019, I don't know the exact date. I think it was December the 6th, 2019, they had a board

Page 15

meeting and they terminated me.
Q. Why were you terminated?
MR. EVANS: Objection. Form. Speculation. But you can answer, if you know.
A. I mean, it's a complex question.
Q. (BY MS. SIMMERMAN) Do you know why you were terminated?
A. It was probably the culmination of conflicts with the CEO.
Q. Can you delve into that a little more?
What do you mean by culmination of conflicts?
MR. EVANS: Objection. Form. Speculation. You can answer, if you -- if you know.
A. Well, we had had conflicts I guess you could say, about management style. And it culminated in -- and we had an argument about a golf trip that he had paid for and, you know, it -- it had been festering for a long time. And -- and I think he just decided, he had met some new attorneys, and he decided that he didn't need me.
Q. (BY MS. SIMMERMAN) Okay. So what were the -- the conflicts you had with him about management style?
A. Oh, I mean, that's a really long answer. You know, my background is --
Q. We have time.

Page 16

A. Okay. Well, I don't want sit here for five hours.
So my background is -- you know, I'm the general counsel of a public company and, you know, I have kind of a rigid view of the corporate world. And Andrew Gautreaux's background is that he's a sales guy. So we kind of have a -- classroom personalities, you know, as far as how to run a company.
Q. Okay. Did you think that he was not running it professionally?
A. No, I would just say that, you know, coming from a NASDAQ company that had, you know, had internal controls and, you know, a lot of corporate governments. It was -- it was, you know, a big change to go to a tiny closely held company with a CEO who is, you know, the -- the majority owner.
Q. Was it fair to say there were no internal controls at Legacy?
A. I would say when it started --
MR. EVANS: Objection. Form. You can answer.
A. Yeah. I would say that any start-up, when it starts, has no internal controls.
Q. (BY MS. SIMMERMAN) Has that changed at any point in time?

Page 17

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

Legacy EXPLORATION, LLC, )
)
Plaintiff, )
)
VS. ) CIVIL ACTION NO.
) 3:22-CV-794-S JURY
OPTIMUM ENERGY PARTNERS ) DEMANDED
LLC, DERRICK MAY, CHANCE )
SMITH, JON PEARSON, )
DANIEL HIBBS,

Defendants

REPORTER'S CERTIFICATION
DEPOSITION OF PHILLIP PETERSON
TAKEN NOVEMBER 9, 2023

I, MICHELLE MINOR, Certified Shorthand Reporter in and for the State of Texas, hereby certify to the following:

That the witness, PHILLIP PETERSON, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That the deposition transcript was submitted on ________________ to the witness or to the attorney for the witness for examination, signature and return to VERITEXT LEGAL SOLUTIONS, by ________________;



I further certify that I am neither counsel for, related to, nor employed by any of the parties in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Further certification requirements pursuant to Rule 203 of TRCP will be certified to after they have occurred.

Certified to by me this 28th day of November, 2023.

MICHELLE MINOR, CSR, CSR NO. 9244;
Expiration Date: 12-31-25
VERITEXT LEGAL SOLUTIONS
Firm Registration No. 571
300 Throckmorton St., Ste. 1600
Ft. Worth, TX 76102



FURTHER CERTIFICATION

The original deposition was/was not returned to the deposition officer on ________________________;

If returned, the attached Changes and Signature page contains any changes and the reasons therefor;

If returned, the original deposition was delivered to Mr. Buyse, Custodial Attorney;

That $ ____________ is the deposition officer's charges to Defendants for preparing the original deposition transcript and any copies of exhibits;

That the deposition was delivered and that a copy of this certificate was served on all parties shown herein.

Certified to by me this _______ day of ________________, 2023.

MICHELLE MINOR, CSR, CSR NO. 9244;
Expiration Date: 12-31-25
VERITEXT LEGAL SOLUTIONS
Firm Registration No. 571
300 Throckmorton St., Ste. 1600
Ft. Worth, TX 76102



Mr. Greg Evans, Esq., Greg@gevanslaw.com

November 28, 2023

RE: Legacy Exploration, LLC v. Optimum Energy Partners LLC

DEPOSITION OF: Phillip Peterson (# 6297621)

The above-referenced witness transcript is available for read and sign.

Within the applicable timeframe, the witness should read the testimony to verify its accuracy. If there are any changes, the witness should note those on the attached Errata Sheet.

The witness should sign and notarize the attached Errata pages and return to Veritext at errata-tx@veritext.com.

According to applicable rules or agreements, if the witness fails to do so within the time allotted, a certified copy of the transcript may be used as if signed.

Yours,

Veritext Legal Solutions