UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

*****************************************************************

| | | |
|---|---|---|
| LEGACY EXPLORATION, LLC, | § | |
| Plaintiff, | § | |
| VS. | § | CASE NO. 3:22-cv-00794-S |
| OPTIMUM ENERGY PARTNERS LLC, et al., | § | |
| Defendants. | § | |

*****************************************************************

TRANSCRIPT OF MOTION HEARING
HEARD BEFORE THE HONORABLE KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE

JUNE 29, 2023

*****************************************************************

A P P E A R A N C E S:

FOR THE PLAINTIFF:

Gregory K. Evans
LAW OFFICES OF GREGORY K. EVANS, PLLC
3355 West Alabama Street
Suite 1150
Houston, Texas 77098
greg@gevanslaw.com

Mitchell A. Toups
WELLER GREEN TOUPS & TERRELL, LLP
Post Office Box 350
Beaumont, Texas 77704
matoups@wgttlaw.com

Peter G. Malouf
THE LAW OFFICE OF PETER G. MALOUF
P.O. Box 12745
Dallas, Texas 75225
pm@pmalouflaw.com

FOR THE DEFENDANTS:

Brent Thomas Buyse
NELSON MULLINS RILEY & SCARBOROUGH, LLP
5830 Granite Parkway
Suite 1000
Plano, Texas 75024
brent.buyse@nelsonmullins.com

Official Court Reporter:

Thu Bui, CSR, RMR, CRR
1100 Commerce Street, #1654
Dallas, Texas 75242
(214) 753-2354

Proceedings recorded by mechanical stenography, transcript produced via computer.

# I N D E X


| | PAGE |
|---|---|
| Appearances................................ | 2 |
| Proceedings................................ | 5 |
| Adjournment................................ | 11 |
| Reporter's Certificate..................... | 12 |

**P R O C E E D I N G S**

(Call to order of the court.)

THE COURT: This is Civil Action 3:22-cv-00794-S, Legacy Exploration, LLC versus Optimum Energy Partners, LLC, et al.

Counsel, make your appearance for the record. Let's start with the Plaintiff.

MR. TOUPS: Mitchell Toups, Weller Green Toups & Terrell, for the Plaintiff, Legacy.

MR. EVANS: Greg Evans for the Plaintiff, Legacy.

MR. MALOUF: Peter Malouf for the Plaintiff, Legacy.

THE COURT: Okay. Thank you.

And Defendants.

MR. BUYSE: Brent Buyse for all defendants.

THE COURT: All defendants. Okay.

So what's before the Court today is Plaintiff's Motion to Compel Defendants to Answer Written Discovery; this was filed as ECF -- Document Number 63. Defendants Optimum Energy Partners, LLC, et al.'s Opposition and Response; this was filed as ECF Document 65. And then the Plaintiff's Reply in Support of Its Motion to Compel, Document 66.

I know, through communications that my law clerk has had with you all, that you've been able to make some progress on the motion to compel but there seems to be some areas of dispute that you need Court involvement. So I know

that you have made an extensive good-faith effort to try to resolve these. And what I -- how I usually handle my discovery docket is we'll go off the record, talk about what your problems really are at this time. If I need to make any rulings or reflect any further agreements -- actually, I'd like you to make your agreements on the record on the portions that you have agreed to. We'll do that in a little bit. And then we'll see where we are.

So at this time, let's go off the record.

(Off the record.)

THE COURT: Counsel, we had an extensive off-the-record discussion relating to Interrogatory Numbers 8 and 10 and Document Request Number 4 and 14.

So taking Document Request Number 4, which is as follows: Please produce the list of the first and last name of all investors who invested in the Marine -- Mariner Joint Ventures along with the corresponding amount that each person invested.

And this is going to be a theme with respect to the other discovery items in dispute.

It's my understanding -- Mr. Buyse?

MR. BUYSE: Buyse. Yes, Judge.

THE COURT: Buyse. That it's your position -- well, why don't you articulate your position on the record as far as the first and last names of the investors who invested in the

Mariner Joint Ventures.

MR. BUYSE: Certainly, Judge.

So our position is that the Defendants have provided a list of the investors who appear on Legacy's master partner list. It's our position that we have provided a list of those investors that have invested in the Mariner Joint Ventures projects; however, we have not provided that list with corresponding dollar amounts.

THE COURT: Okay. But there's been a -- there's confusion as to whether or not that list has been provided. So you're saying it has, they're saying it may not --

MR. EVANS: No. We have that list, Your Honor.

THE COURT: You have that list?

MR. EVANS: We have the -- that's the first three projects. We -- we have that list.

THE COURT: Okay. Stand up when we're on the record and when you're addressing the Court, sir.

MR. EVANS: Oh, I'm sorry.

THE COURT: Okay. So in that case, the Court is not granting the relief asked for by the motion to compel along with the corresponding amount of money that each person invested at this time based on the grounds asserted by the Defendant. Without prejudice to reasserting it in the future if it becomes necessary.

So Request for Number 4, as far as the money

amounts, the objections are sustained, the motion to compel is overruled.

With respect to Interrogatory Number 8, which -- I'd like to go to the document request or interrogatory because sometimes when lawyers paraphrase, it's not completely accurate. Not that yours isn't, but the wording is a little different.

Interrogatory Number 8 is for each investor listed on Attachment A, (Legacy master partners list -- partner list) who invested in any of the three Mariner Joint Ventures -- list their first and last name below, and next to each of their name, set forth the corresponding amount each such investor invested in each respective Mariner Joint Venture.

Is that similar? You provided that list already?

MR. BUYSE: That's correct, Judge.

THE COURT: Do you have that list?

MR. EVANS: Yes. Yes, Your Honor.

THE COURT: Okay. Then it's already answered and no further response is required.

The objections to further answer is sustained, the motion to compel is denied.

With respect to Interrogatory Number 10. For each investor listed on Attachment A (Legacy master partner list) who has invested any money with Optimum Energy Partners

since its inception -- list their first and last name, and next to their name, set forth corresponding total amount each investor invested in any of the investment opportunities issued by Optimum Energy Partners.

Have you provided that list of investors?

MR. BUYSE: Judge, we believe we have provided that list of investors. We have no objection to providing that list. We will do so if we have not. Our only objection is to the corresponding dollar amount.

THE COURT: Can you do that by the close of business tomorrow?

MR. BUYSE: Yes, Judge, we can.

THE COURT: Okay. Or at least, say, by the close of the day tomorrow even if it's later than close of business 'cause we got to --

MR. BUYSE: Understood, Judge.

THE COURT: Essentially, I think it's a four-day weekend, right? Fourth of July is on Tuesday, so a lot of people are taking Monday off. And if you need more time, work directly with opposing counsel. I'm sure he'll work with you. Okay?

MR. BUYSE: Understood.

THE COURT: All right. Last is Interrogatory Number 10 -- no. We just went through Interrogatory Number 10.

Have we taken care of all the interrogatories in

dispute right now?

MR. EVANS: Yes.

THE COURT: All right. And then your last disputed item is Document Request Number 14. Produce a copy of Optimum Exploration's and Optimum Energy Partners' quarterly income statements and balance sheets from inception to the present.

Can you advise the Court what you have produced?

MR. BUYSE: Yes, Judge. The -- the defense have produced the IRS Form 1065 which contains all of the -- or the relevant profit and loss information. And we do object to producing the quarterly income statement and balance sheets.

THE COURT: Okay. And I understand this is information that you still want for -- relevant to exemplary damages. That's your position, right, sir?

MR. EVANS: Correct. And we've gotten the 2021 tax return so far. And I assume they'll supplement the 2022 and --

THE COURT: Any problem with that?

MR. BUYSE: No, Judge. I actually thought we had already done the 2022. I will double-check. And by the close of business tomorrow, we'll produce the 2022 as well.

THE COURT: And if you need more time on that and -- you know, reasonable time, you will consult -- who's the point person?

MR. EVANS: Mr. Evans.

THE COURT: Okay.

MR. EVANS: Yeah, we're -- we're good on extensions.

THE COURT: Okay. Mr. Evans then.

All right. With respect to other documents that may or may not be necessary to prove up exemplary damages, if that is still a viable claim as we are at the -- get closer to trial or immediately before trial, I will reconsider it. Please bring -- or file appropriate briefing as to what needs to be considered. If it's a viable claim. In the Court's experiences, many exemplary damages claim fall off after the close of discovery or after dispositive motions or after -- as we get closer to trial. So I think this is -- this document request, if it's appropriate at all, is premature.

Any -- I think I've ruled on all your outstanding remaining items in your motion to compel and all others have been taken care of by agreement; is that right, sir?

MR. EVANS: Yes, Your Honor.

THE COURT: Counsel, is that correct?

MR. BUYSE: That is correct, Judge.

THE COURT: Anything further the Court can do for you today on the record?

MR. EVANS: No, Your Honor.

MR. BUYSE: Nothing further, Judge.

THE COURT: Okay. We're going to go off the record.

(WHEREUPON, the proceedings were adjourned.)

* * * *

REPORTER'S CERTIFICATE

I, Thu Bui, CRR, RMR, Official Court Reporter, United States District Court, Northern District of Texas, do hereby certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of the proceedings in the above-entitled and numbered matter.

/s/ Thu Bui
Official Court Reporter