IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEGACY EXPLORATION, LLC, Plaintiff, | § § § | |
| v. | § | No. 3:22-CV-794-O |
| OPTIMUM ENERGY PARTNERS LLC, et al., Defendants. | § § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are two motions pertaining to a request for sanctions against Plaintiff Legacy Exploration, LLC, its in-house counsel, and its litigation counsel based on in-house counsel's conduct. On June 3, 2024, Defendants Optimum Energy Partners, LLC, Optimum Exploration, LLC, Derrick May, Chance Smith, and Jon Pearson ("Movants") filed a motion asking the Court to impose "an appropriate sanction" against Legacy and its attorneys based on the conduct of in-house counsel Phillip Peterson. (*See* Dkt. No. 151.) The motion was fully briefed (*see* Dkt. Nos. 157, 162, 167), and this action was stayed pending resolution of the motion. More recently, on February 9, 2026, movants filed a Motion for Leave to File Supplement to Motion for Sanctions under Seal. (Dkt. No. 188.) It, too, is fully briefed. (*See* Dkt. Nos. 188, 190, 191.) The motions have been referred to the undersigned magistrate judge for a recommendation or determination. (Dkt. No. 197.)

Movants ask the Court to impose sanctions using its inherent authority. Courts undoubtedly "possess the inherent authority to impose sanctions for misconduct and to protect the judicial process." *Snider v. L-3 Commc'ns Vertex Aerospace, L.L.C.*, 946 F.3d 660, 678 (5th Cir. 2019). "'[T]he threshold for the use of inherent power sanctions is high,'" and a court exercising such power "'must make a specific finding that the [malfeasant] acted in "bad faith."'" *Crowe v. Smith*, 151 F.3d 217, 236 (5th Cir. 1998) (quoting *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995), and *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)). When a court finds that circumstances bounding that significant hurdle exist, "any sanction imposed under a court's inherent authority must be 'the least severe sanctions adequate to accomplish the purpose for which the sanction was imposed.'" *Guillot v. Cowhand Saddlery, LLC*, No. 6:23-CV-044-H-BU, 2024 WL 5713595, at *5 (N.D. Tex. June 10, 2024) (citing *Topalian v. Ehrman*, 3 F.3d 931, 938 (5th Cir. 1993)); *see also Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996) (reversing exercise of inherent sanctioning authority where district court "fail[ed] to employ the least severe sanction adequate to achieve the desired result").

Stated succinctly, the motion for sanctions documents behavior in connection with this litigation that is shameful and intolerable by any litigant—and particularly so by a member of the bar. Legacy Exploration and its counsel of record acknowledge that Peterson's communications were "unprofessional." (Dkt. No. 157 at 2.) But they were more than that. They were reprehensible and entirely

antithetical to the spirit of *Dondi* that underlies this Court's expectations of parties and counsel who litigate in this district. *See Dondi Props. Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc). Peterson's conduct is not excused by his frustration with perceived litigation tactics by opposing counsel or his own personal challenges. (*See* Dkt. No. 157 at 4-8.) His emails submitted with the motion for sanctions are sufficient to support a finding that Peterson acted in bad faith, with a specific intent to harass and annoy opposing counsel.

The Court is not persuaded, however, that a bad-faith finding should be imputed to Legacy Exploration or litigation counsel. The unique circumstances surrounding Peterson's ownership and participation in Legacy Exploration distinguish this from other cases in which counsel's misconduct justified sanctions against a party. *Cf. Clapper v. Am. Realty Invs., Inc.*, 95 F.4th 309 (5th Cir. 2024) (requiring new trial based on counsel's severe misconduct that "irreparably prejudiced the fairness of [a] trial"); *Ben E. Keith Co. v. Dining All., Inc.*, 80 F.4th 695 (5th Cir. 2023) (affirming sanctions on party where in-house counsel participated in misconduct that falsely invoked court jurisdiction and "willfully abused the judicial process"). And while courts and commentators can reasonably debate whether outside counsel should have done more to curb his client's abusive email outbursts, the facts presented do not suggest that he has engaged in bad faith himself or that he encouraged, facilitated, or ratified Peterson's bad-faith conduct. Phillip Peterson's conduct is sanctionable, and any sanctions should fall squarely on him.

In calibrating an appropriate sanction, the Court considers that the aperture through which it has been asked to view Peterson's misconduct has broadened dramatically during the life of the motion. Movants first sought Court intervention based on Peterson's abusive email barrages on two days in May 2024. (*See, e.g.*, Dkt. No. 151 at 12.) Over time, the allegations have grown to include other similar conduct, some of which is tangential or unrelated to these proceedings. (*See, e.g.*, Dkt. No. 162 at 4-8; Dkt. No. 188-1.) To the extent those additional allegations did not arise specifically in this lawsuit, the Court accepts that they might underscore a need for sanctions or assist the Court in determining the severity of sanctions that would deter Peterson from continued conduct. But the Court is also mindful that a sanction imposed in this case should not be intended to punish Peterson or restore another party for conduct that does not underlie this motion.

Movants seek no particular remedy for Peterson's behavior; they have requested only "an appropriate sanction." (Dkt. No. 151 at 12.) They have not alleged any prejudice to the merits of its defense, nor do they seek a monetary sanction based on expenses incurred as a result of the misbehavior. The Court perceives from this that Movants filed the sanctions motion primarily to bring accountability for Peterson's conduct and deter him from engaging in similar tactics. In that vein, the Court notes that accountability and deterrence are currently being brought to bear on Peterson. Two weeks ago, on September 30, 2026, a jury found Peterson guilty of serious felony offenses based on conduct that parallels that

underlying the sanctions motion, but that is much more serious. *See* Dkt. No. 85, *United States v. Peterson*, No. 3:24-CR-507-N (N.D. Tex.). Peterson will soon be sentenced, and the consequences for his conduct likely will be more severe than any monetary penalty or other sanction this Court could impose on the motion. Thus, Peterson is being held to account for his greater abusive conduct, and the penalties imposed in connection with the criminal proceedings should effectively deter him from similar conduct in the future.

Considering the limited conduct at issue specifically in this case in view of the additional and more powerful sanctions facing him other proceedings, the Court is satisfied that, at least at this time, a public reprimand is adequate to serve the purposes for which sanctions are levied in this case. *See Shelton v. Parkland Health*, No. 3:24-CV-2190-L-BW, 2025 WL 3141108, at *5 (N.D. Tex. Nov. 10, 2025) (noting that judicial admonishment can be a sufficient sanction). It is unclear what role, if any, Peterson will play in this litigation going forward. If he continues as a participant in this case and proves himself to be undeterred from the kind of conduct that precipitated the motions, the Court should consider more severe penalties at that time.

Movants' Motion for Sanctions (Dkt. No. 151) is **GRANTED**. The Court reprimands Phillip Peterson for engaging in abusive and disparaging communications directed at opposing counsel on May 14 and 24, 2024. Although the Court declines to impose any additional sanction at this time, it may consider

Peterson's misconduct should he or Legacy Exploration engage in sanctionable conduct in the future. Movants' Motion for Leave to File Supplement to Motion for Sanctions under Seal (Dkt. No. 188) is **DENIED**.

**SO ORDERED** on October 13, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE